Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005659
29-MAY-2015
08:35 AM

NO. CAAP-13-0005659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CAROL S. POZY, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-13-0001811)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Carol S. Pozy appeals from two Notices of Entry of Judgment and/or Order, filed on October 29, 2013, in the District Court of the First Circuit, Honolulu Division.[1] After a bench trial, the District Court found Pozy guilty of Count 1: Criminal Littering, in violation of Hawaii Revised Statutes ("HRS") § 708-829; and Count 2: Attempted Cruelty to Animals in the Second, in violation of HRS §§ 711-1109(1)(a)[2] and 705-500, and sentenced her to six months of probation on Count 2, among other things.

On appeal, Pozy argues that the District Court erred in convicting her of Attempted Cruelty to Animals in the Second Degree after erroneously taking judicial notice that chocolate is toxic to dogs. Even if the court had not so erred, Pozy asserts, the Plaintiff-Appellee State of Hawai'i's evidence was

---

[1] The Honorable James H. Ashford presided.

[2] The statute provides in relevant part that "[a] person commits the offense of cruelty to animals in the second degree if the person intentionally, knowingly, or recklessly . . . causes substantial bodily injury to . . . any animal[.]" Haw. Rev. Stat. § 711-1109(1)(a) (Supp. 2013).

insufficient to support her conviction because the State failed to show that she possessed the requisite intent to feed the dogs an amount and type of chocolate that would substantially harm them.

The State concedes that the District Court erred in taking judicial notice of the effect of chocolate on dogs and asks this court to remand the case for execution of the sentence imposed on Pozy's Criminal Littering conviction. The State's concession notwithstanding, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise as well as the relevant statutory and case law, we resolve Pozy's appeal as follows, and reverse her conviction on Count 2 while affirming her conviction on Count 1:

Over defense objection, the District Court took "judicial notice of the toxicity of chocolate to dogs." The State now concedes, and we agree, that the District Court erred in taking judicial notice under the circumstances.

A judicially noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Haw. R. Evid. 201(b). In other words, "the trial court may take judicial notice of a fact if it is common knowledge or easily verifiable." *Williams v. Aona*, 121 Hawai'i 1, 11 n.6, 210 P.3d 501, 511 n.6

(2009) (quoting *State v. Lord*, 63 Haw. 270, 272, 625 P.2d 1038, 1039 (1981)) (taking judicial notice of portions of the collective bargaining agreement at issue on appeal, which were attached to the opening brief). "[A] judge cannot take judicial notice of facts based solely upon his [or her ]own personal knowledge unless the facts are also known to the community generally." Haw. R. Evid. 201(b) cmt. (citing *Pua v. Hilo Tribune Herald, Ltd.*, 31 Haw. 65 (Haw. Terr. 1929)).

The State notes that "[w]hile ingestion of chocolate may poison a dog, a toxic dose depends upon the size of the dog, the amount of chocolate a dog ingests, and what type of chocolate the dog ingests." (Emphasis omitted.) Furthermore, here there was no evidence adduced as to the type and size of the dogs in question, the amount or type of chocolate left for them, or whether the chocolate left was sufficient to cause any injury.

"[T]he purpose of the judicial notice rule . . . is to eliminate the necessity of taking the time of the court and jury to make formal proof of a fact which cannot be disputed[.]" *State v. Moses*, 102 Hawai'i 449, 454, 77 P.3d 940, 945 (2003) (quoting *In re Estate of Herbert*, 90 Hawai'i 443, 466, 979 P.2d 39, 62 (1999)) (internal quotation marks omitted). However, the blanket generalization that chocolate is toxic to dogs, without any context, is subject to dispute. Therefore, the District Court erred in taking judicial notice that chocolate was toxic to dogs because that fact—at least without regard to the amount and type of chocolate and the size and type of the dogs in question—is not common knowledge or easily verifiable. *See Choy v. Otaguro*, 32 Haw. 543, 548-49 (Haw. Terr. 1932) (holding that the trial court could not take judicial notice that it was highly improbable that persons in Honolulu owned stock in a company incorporated in Connecticut), *overruled on other grounds in part by Gilliam v. Gerhardt*, 34 Haw. 466, 471-72 (Haw. Terr. 1938). Without the judicially-noticed fact, there was insufficient evidence to support the conviction. *See State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998).

In light of the foregoing, we need not address Pozy's other arguments.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order filed on October 29, 2013 in the District Court of the First Circuit, Honolulu Division, for the conviction on Count 2, Attempted Cruelty to Animals in the Second Degree, is reversed.  The Notice of Entry of Judgment and/or Order filed on October 29, 2013, for the conviction and sentence on Count 1, Criminal Littering, is affirmed.

DATED:  Honolulu, Hawai'i, May 29, 2015.

On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge